Filed 2/29/24  P. v. Franklin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098284 |
| v. | (Super. Ct. No. 22CF03754) |
| LESLEY WILLIAM FRANKLIN, JR., | |
| Defendant and Appellant. | |

Defendant Lesley William Franklin, Jr., pleaded no contest to felony possession of a controlled substance.  He waived a jury or court trial for the determination of aggravating factors and agreed the trial court could impose the lower, middle, or upper term.  The trial court sentenced him to the upper term of three years.  Defendant did not object in the trial court to the trial court's findings of aggravating factors or to the upper term sentence.

Defendant now contends the trial court erred under Penal Code section 1170[1] in imposing the upper term sentence.  We conclude defendant forfeited the contention by failing to object in the trial court.  Accordingly, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In January 2023, defendant pleaded no contest to felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). As part of the plea agreement, defendant acknowledged that the trial court could not impose a sentence exceeding the middle term unless aggravating factors justified the upper term. Defendant waived his right to a jury or court trial where any facts underlying an aggravating factor must be proven beyond a reasonable doubt. Defendant agreed that the trial court could find aggravating factors based on the probable cause declaration and police reports, and acknowledged that the trial court could impose the lower, middle, or upper term. Defendant also agreed that if he believed the summary in the probation report was incomplete or incorrect, he could submit additional portions from the probable cause declaration and police reports.

A presentencing probation report stated that defendant had 12 prior felony convictions and 12 prior misdemeanor convictions. The probation report also stated that defendant served prior prison terms in 1977, 1983, 1999, 2005, 2011, 2018, and 2020. The probation report listed the following aggravating factors: (1) the crime involved a large quantity of contraband (Cal. Rules of Court, rule 4.421(a)(10)); (2) the defendant's prior convictions are numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); (3) defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed; and (4) the defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory. The probation report did not list any mitigating factors. The probation report recommended imposition of the upper term because this was defendant's 13th felony conviction, he had more than 44 parole and probation violations, he was on parole when he committed the instant offense, and he served numerous prison terms. Defendant filed proposed corrections to the probation report but did not contest the number of convictions or that he served prior prison terms.

2

At sentencing in March 2023, the trial court began by stating that it intended to follow the probation report's recommendation. Defense counsel requested the low term, but did not dispute the aggravating factors identified in the probation report. Defense counsel acknowledged that defendant had served numerous prison terms. Defendant requested the low term to have the opportunity to turn his life around. The trial court recounted defendant's plea agreement terms related to imposing the upper term and that defendant stipulated to the possible existence of aggravating factors. After taking judicial notice of its own case files in case Nos. 20CF04625, 20CF02911, 18CF02199, and CM035501, the trial court found that defendant was convicted of five felonies in 12 years and served prison terms for those prior convictions. The trial court found true the aggravating circumstances that defendant's prior convictions were numerous and that he served prior prison terms. The trial court also found true the mitigating factor that defendant pleaded at an early stage of the proceedings. Finding that the aggravating circumstances outweighed the mitigating factor, the trial court sentenced defendant to the upper term of three years for possession of a controlled substance.

Defendant did not obtain a certificate of probable cause.

## DISCUSSION

Defendant contends the trial court erred in imposing the upper term sentence. The contention is forfeited.

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170 to limit the trial court's discretion to impose a sentence greater than the midterm. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) To impose a sentence beyond the midterm, the sentence must be justified by at least one aggravating factor, and the facts supporting the aggravating factors must have been stipulated to by defendant, found true beyond a reasonable doubt by the trier of fact, or established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3), as amended by Stats. 2021, ch. 731, § 1.3.)

3

Defendant waived a jury or court trial for the determination of aggravating factors and agreed the trial court could impose the lower, middle, or upper term. The probation report was filed before the sentencing hearing and recommended the imposition of the upper term based on aggravating circumstances, including that defendant had numerous prior convictions and served prior prison terms. Defendant filed amendments to the probation report, but he did not argue that his convictions were not numerous or dispute the number of convictions. After the trial court found that defendant's prior convictions were numerous, defendant did not object or dispute the finding. Nor did defendant object to the imposition of the upper term.

Defendant had an opportunity to assert a preference for a different method to find aggravating circumstances and to object to the findings and the imposition of the upper term sentence. His failure to object forfeited the appellate challenge here. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (Italics omitted.)].)

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
KRAUSE, J.

4